UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEROME ORTEZ THOMPSON, Plaintiff | CIVIL ACTION NO. 1:19-CV-1462-P |
| VERSUS | JUDGE DRELL |
| AVOYELLES PARISH DETENTION CENTER, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by *pro se* Plaintiff Jerome Ortez Thompson ("Thompson") (#491948). ECF Nos. 1, 7. Thompson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Elayn Hunt Correctional Center in St. Gabriel, Louisiana.

Because Thompson's Complaint (ECF No. 1, 7) is frivolous and fails to state a claim for which relief can be granted, it should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

Thompson alleges that, while housed at the Avoyelles Parish Detention Center, he discovered "the silver lining" – "seven silver tables placed in a distinctive design, with an enlarged section to match . . . ." ECF No. 7 at 4. Thompson reportedly studied "the remarkable design," and alleges that he "discovered the enlarged section is buried within the history of Winn Parish, amongst the population of many." *Id.*

Thompson notified the booking department through email about his "discovery of the silver lining," but he did not receive a response. *Id.* Thompson was transferred to Elayn Hunt Correctional Center. *Id.*

Thompson alleges that his transfer violates his rights under the United States Constitution. *Id.* Thompson seeks "to be granted ownership of the silver lining, as well as the property in which is connected to the design," and to be transported "back to Avoyelles Parish Detention Center where the silver lining was discovered" so "the design can be personally viewed and documented." ECF No. 1 at 2.

II. <u>Law and Analysis</u>

    A. <u>Thompson's Complaint (ECF Nos. 1, 7) is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.</u>

Thompson is an inmate who has been allowed to proceed *in forma pauperis*. ECF No. 10. As a prisoner seeking redress from an officer or employee of a governmental entity, Thompson's Complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (*per curiam*). Because he is proceeding *in forma pauperis*, Thompson's Complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the Complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis

in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### B. Thompson is not entitled to be housed at a particular facility.

Thompson is not entitled to be transferred back to Avoyelles Parish. Prisoners do not have a protected liberty interest in being housed in a particular facility. *Armendariz-Mata v. Lappin*, 157 F. App'x 767, 768 (5th Cir. 2005) (citing *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000)).

### C. Thompson's claim regarding the "silver lining" is frivolous.

Thompson claims that he discovered something called "the silver lining." He claims that he is entitled to "all rights and ownership to the property that's connected to the design." ECF No. 1 at 2. To the extent Thompson claims ownership of some part of the correctional center, his claim is clearly baseless.

### D. Thompson fails to state a retaliation claim.

Thompson complains that he was transferred after exercising his "free speech" right by sending two emails stating his claim to "the silver lining." To the extent Thompson is raising a retaliation claim, the claim fails.

To state a claim for retaliation, an inmate must establish: (1) that he invoked a specific Constitutional right; (2) that the defendant intended to retaliate against him for his exercise of that right; (3) a particular retaliatory adverse act; and (4) that, but for the defendant's retaliatory motive, the complained-of adverse act would not have occurred. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A prisoner must present more than his personal belief that he is the victim of retaliation. *See Johnson*, 110 F.3d at 310. Proving retaliation entails carrying a "significant burden" and presenting more than mere conclusory allegations. *Woods*, 60 F.3d at 1166. The inmate must present direct evidence of motive or allege a chronology of events from which retaliation may be plausibly inferred. *Id.* A prisoner's allegations of causation must show more than "temporal proximity alone. . . ." *Reese v. Skinner*, 322 F. App'x 381, 383 (5th Cir. 2009).

Thompson presents no plausible claim of retaliation and no evidence of motive.

### III. Conclusion

Because Thompson is not entitled to a transfer; his claim of ownership to "the silver lining" is baseless' and he cannot state a retaliation claim; IT IS RECOMMENDED that Thompson's § 1983 Complaint (Docs. 1, 7) be DENIED and DISMISSED WITH PREJUDICE under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof,

unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __6th__ day of February 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE